UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL JAMES KRUSELL,

    Plaintiff,

v.                                                                                          Hon. Hala Y. Jarbou

MATHEW LEIRSTEIN, et al.,                                            Case No. 1:25-cv-01268

    Defendants.

### REPORT AND RECOMMENDATION

On December 11, 2025, the Clerk mailed a copy of the December 11, 2025 Report and Recommendation (ECF No. 15) to Plaintiff. The mailing was not deliverable because Plaintiff has not provided the Court with an updated address (ECF No. 16 ).

For the reasons discussed below, pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 41(b), and W.D.Mich. LCivR. 41.1, I recommend that **the present action be dismissed for Plaintiff's failure to prosecute**.

As the United States Supreme Court long ago recognized, "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. Failure by a plaintiff to prosecute constitutes grounds to dismiss the complaint or any particular claims. *See* Fed. R. Civ. P. 41(b).

When examining whether dismissal for failure to prosecute is appropriate, the Court must consider the following factors: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary is prejudiced by the party's dilatory conduct; (3)

whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered.  *See Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999).

      Based on these factors, I recommend that Plaintiff's claims be dismissed.  Local Rule of Civil Procedure 41.1 provides that "[f]ailure of a plaintiff to keep the Court apprised of a current address shall be grounds for dismissal for want of prosecution." Similarly, the October 21, 2025 Order granting Plaintiff leave to proceed *in forma pauperis* notified Plaintiff that his failure to "promptly notify the Court of any address change" would be grounds for "dismissal of the action for lack of prosecution." (ECF No. 4 at PageID.26.) As mentioned above, mail addressed to Plaintiff has been returned because Plaintiff has not provided the Court with his correct mailing address. This is a willful failure by Plaintiff that prejudices Defendants' ability to defend against Plaintiff's claims and hinders the Court's ability to effectively manage its docket. Thus, Plaintiff has been warned by the Court that dismissal of his claims might result from his failure to keep the Court apprised of his current address. Regardless, this Recommendation will serve as an additional warning and affords Plaintiff an opportunity to contest the recommendation that dismissal is appropriate.

## CONCLUSION

For the reasons articulated herein, I recommend that this action be dismissed for Plaintiff's failure to prosecute. Timely objections to this Report and Recommendation shall be considered Plaintiff's opportunity to show cause why this matter should not be dismissed.

Dated: January 7, 2026                               /s/ Sally J. Berens
                                                     SALLY J. BERENS
                                                     U.S. Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).